JOHN R. CAREY and others *vs.* COUNTY OF ST. LOUIS and others.

SAME *vs.* CITY OF DULUTH and others.

February 14, 1888.

Municipal Corporation—Reorganization.—Sp. Laws 1887, c. 162, imposing certain political obligations (with respect to the construction of a city hall) upon the then existing "city of Duluth," is not effectual to impose the same obligations upon the city subsequently created by an enactment which abolished the former municipality.

The plaintiffs, who are residents, tax-payers, and freeholders in the city of Duluth, brought these actions in the district court for St. Louis county, the first against the county of St. Louis and the five persons named as commissioners by Sp. Laws 1887, c. 162, and the second against the city of Duluth and the same five commissioners, to restrain the defendants from issuing or negotiating any bonds pursuant to the provisions of Sp. Laws 1887, c. 162. Demurrers to the complaints were overruled by *Stearns,* J., and judgments entered as prayed for, from which the defendants appeal.

*R. P. Edson, Edmund Sherwood,* and *W. W. Billson,* for appellants.
*Ensign, Cash & Williams,* for respondents.

DICKINSON, J. These cases may be considered together. We are called upon to construe Sp. Laws 1887, c. 162, an act providing for the construction in the city of Duluth of a building for a county court-house and a city hall. This act appoints five designated persons as a board of commissioners, who are empowered to acquire, for the use of the county of St. Louis and city of Duluth, by purchase or condemnation, certain designated lands in the city. It is made their duty to plan, construct upon such lands, and to furnish, a building, in such form that one part of it may be conveniently used for a

court-house and other proper county purposes, and the other part for a city hall and other city purposes, and, when completed and furnished, these separate parts of the structure, with the land upon which the same stand, and the land properly appertaining thereto, are to be conveyed by deed, by this board, to the county of St. Louis and the city of Duluth, respectively. For the purpose of providing money for acquiring the land and constructing and furnishing the building, the board of county commissioners and the common council of the city are "authorized and required" to issue, respectively, the bonds of the county and of the city, in such amounts and at such times as they may be called for by this legislative board, the county bonds not to exceed,.however, in the aggregate, $200,000, and the same limit is fixed as to the bonds of the city. The county and city authorities are further required to annually levy a tax to pay the interest on these bonds, and to provide a sinking-fund for their ultimate extinguishment.

The court below overruled the demurrer, for the reason that the act in question is inapplicable to the present city of Duluth. It is conceded, as it must be, that if the act is incapable of being enforced as respects the city, it must fail altogether. We are of the opinion that the decision was right. A city, called the "City of Duluth," was first incorporated in 1870. In 1877 a portion of the same territory was separately incorporated as the village of Duluth, and both of these municipal corporations were in existence when this act was passed and became a law, (February 25, 1887.) On the 2d day of March following, an act was approved by the governor, and went into effect, which incorporated the present city of Duluth, (Sp. Laws 1887, c. 2.) This new corporation included the territory of both the former city and village. By the express terms of the later act it was provided that upon its passage and approval, "all the territory above described, within which are now established or exists any municipal government," shall "cease." There is an obvious inaccuracy in the structure of this sentence, but the meaning is apparent that any municipal government or municipality within this territory should cease. The act of February 25th was, by its terms, to take effect "from and after its passage." It therefore became effectual as a law on that day.

Whatever force or effect it had as a law, it had at that time, and no subsequent event could change its *legal construction* so as to make it applicable to a condition of things not within the scope or purpose of the law when it was enacted. Construing the act as having full effect on the 25th day of February, to what municipality does it refer in imposing these imperative obligations upon the "city of Duluth?" Most naturally it must be answered, to the then-existing corporation of that name; for there was no other, nor was it certain, even if it was contemplated, that there ever should be any other, and there is nothing in the act to indicate that it was intended to apply to a city which might (or might not) be thereafter incorporated. If it had been intended that the act should be applicable to a corporation to be thereafter created, the legislature would not, as must be supposed, have so obscured their purpose, by using language which designated clearly the existing city, and in no way referred to one to be incorporated in the future. If the governor had vetoed the subsequent act of incorporation, so that it had not gone into effect, it is impossible to see, upon the reading of this act of February 25th, how it could have been held that for that reason the contemplated operation of the latter act had been nullified, and that it did not apply to "the city of Duluth" existing at the time the act was passed, and which, according to the above hypothesis, would not have ceased to exist. We conclude, therefore, that when this act was passed and went into effect, the specified duty of issuing its bonds, when called for, was imposed upon the then-existing corporation.

Was this duty in any way transferred to the municipal corporation thereafter created, and to which the same name was given? The identity of name is not important, and perhaps tends to confuse the mind. If the new corporation was charged with the duty of performing this political obligation which had been imposed upon the old, it was not because the same name was given to it in the later act, but either because it was the same corporation, or because in some way it is apparent that the legislature intended that it should rest under the same obligation. We may, therefore, as well suppose that the subsequent act had designated the new corporation as the city of St. Louis, or by any other name. The new corporation was not the same

as that which by this legislative act was extinguished. Its charter, its territory, its officers, its ordinances, were different, and by the express provision of the later act the former municipality was to "cease,"—not continue. It is true that the new municipality was given certain rights, as succeeding to the former city, and it was also expressly charged with responsibility for the "*legal* debts, obligations, and liabilities" (we italicize a significant word) of the former city, in the same manner and to the same extent as if the same had been "originally contracted or incurred" by the new city. But this language, charging this city with liability, is indicative merely of a purpose to transfer to it the pecuniary or legal responsibility of the extinguished municipality in favor of those whose rights, springing from contract or from tort, ought not to be cut off, rather than of a purpose to require the new municipality, whose charter was apparently complete in itself, to perform whatever *political* duties had been by law specifically imposed upon the former city. We look in vain in the charter of the new city for any language which can fairly be construed as requiring this municipality, without its consent, to issue its bonds, to the possible amount of $200,000, for the purpose of the erection of a city hall. That duty has certainly never been declared by the legislature, and such an extraordinary obligation cannot reasonably be inferred from the fact that such a duty had been imposed upon the former corporation. If this had been intended, it is most reasonable to suppose that the elaborate charter of this city, specifically defining its powers and duties, would have contained some reference to the subject.

It is unnecessary to consider the other questions presented in the case.

Judgment affirmed.